The Time Record Storage Co., LLC, Doing Business as Time Record Storage, Respondent,
against
Steve Elliot, c/o Steve Eluto, Appellant.




Steve Elliot, appellant pro se.
The Time Record Storage Co., LLC, Doing Business as Time Record Storage, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Joy F. Campanelli, J.), entered April 26, 2017. The order denied defendant's motion to dismiss the complaint or, in the alternative, to remove the action to the Supreme Court on the ground that the Small Claims Part of the Civil Court lacked subject matter jurisdiction over a counterclaim that defendant had interposed which was in excess of the monetary jurisdiction of that Part of the court.




ORDERED that the order is modified by adding thereto a provision dismissing the counterclaim; as so modified, the order is affirmed, without costs.
Plaintiff, a storage facility, commenced this small claims action in the Civil Court, Kings County, to recover $338.32 in monies "arising out of property improperly withheld by the defendant." Defendant Steve Eluto, sued herein as Steve Elliot, filed his answer and asserted a counterclaim for $30,000, claiming that plaintiff had moved his property somewhere without his approval. Defendant thereafter moved to dismiss the action or to remove it to the Supreme Court on the ground, among others, that the Civil Court lacked subject matter jurisdiction over the counterclaim. The Civil Court denied the motion.
Inasmuch as the Small Claims Part of the Civil Court lacked subject matter jurisdiction over the counterclaim (see CCA 1805 [c]; Herbert v Jerome, 14 Misc 3d 141[A], 2007 NY Slip Op 50351[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]), we modify the order by adding a provision thereto dismissing the counterclaim. As the asserted basis for the removal of the action has been rendered academic, we do not disturb so much of the Civil Court's order as denied the branch of defendant's motion seeking removal. We note, in any event, that an application to remove an action from a court of limited jurisdiction to the Supreme Court must be made in the Supreme Court (see CPLR 325 [b]).
The remainder of the grounds urged by defendant in support of the branch of his motion seeking to dismiss the action will not be reviewed on this appeal. CCA 1807 provides that, in a small claims action, "either party may appeal on the sole grounds that substantial justice has not been done between the parties according to the rules and principles of substantive law." Since the denial of the branch of the motion seeking to dismiss the action only has the effect of requiring the parties to proceed to trial, it is not a denial of substantial justice and, thus, not reviewable on this appeal (see Feinstein v Lagios, 12 Misc 3d 128[A], 2006 NY Slip Op 50917[U] [App Term, 2d Dept, 2d and 11th Jud Dists 2006]; Grossman v Beato, 10 Misc 3d 145[A], 2006 NY Slip Op 50138[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]).
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2018